UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC DANIELS,<br><br>                    Plaintiff,<br><br>        v.<br><br>VIGNESH RATHNAM; ANTHONY GEDDES, and ADA COUNTY PUBLIC DEFENDER'S OFFICE,<br><br>                    Defendants. | Case No. 1:25-cv-00199-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Eric Daniels's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1.     Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim

for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

2.    **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction.

Plaintiff alleges that Defendant Rathnam, Plaintiff's public defender in his Ada County

criminal case, did not provide him with adequate representation. Plaintiff also alleges that

he complained about Rathnam's allegedly ineffective assistance to Defendant Geddes,

the Chief Public Defender for Ada County, but that Geddes did not adequately investigate

Plaintiff's complaints. *Compl*., Dkt. 3, at 2–4.

Plaintiff asserts his claims under 42 U.S.C. § 1983, the federal civil rights statute.

*Id*. at 2. In addition to naming Rathnam and Geddes as Defendants, Plaintiff also names

the Ada County Public Defender's Office.

3.    **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will,

however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should

take into consideration the following.

A.    *Claims against Rathnam and Geddes: State Action Requirement*

To state a plausible claim under 42 U.S.C. § 1983, a plaintiff must allege a

violation of rights protected by the Constitution or created by federal statute proximately

caused by conduct of a person acting *under color of state law*. *Crumpton v. Gates*, 947

F.2d 1418, 1420 (9th Cir. 1991). Section 1983 does not provide a remedy for purely

private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488

U.S. 179, 191 (1988).

It is well-established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, a defense attorney "is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis added).

Because Defendants Rathnam and Geddes were not state actors when Plaintiff's § 1983 claims arose, Plaintiff's claims against those Defendants are implausible.

### B.    *Policy Claim against Ada County Public Defender's Office:* Monell Requirements

To bring a § 1983 claim against a local governmental entity such as the Ada County Public Defender's Office, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010),

*overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The Complaint does not contain any allegations raising a plausible inference that any allegedly ineffective assistance of counsel on the part of Plaintiff's public defender resulted from a policy, practice, or custom of Ada County. Therefore, the Complaint fails to state a claim upon which relief may be granted against the Ada County Public Defender's Office.

## C.    *The Doctrine of* **Heck v. Humphrey**

Plaintiff's claims against all Defendants appear to be implausible for an additional reason—they are likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that, if success on a civil rights claim would necessarily imply the invalidity of a plaintiff's criminal conviction, the plaintiff must first show that the conviction has already been overturned or otherwise invalidated. *Id*. at 486–87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus …."). To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted) (quoting *Heck*, 512 U.S. at 487).

Here, it appears that Plaintiff is incarcerated on a conviction in the very matter he challenges in this action. If Plaintiff were to succeed on his claims that he was denied adequate representation in his state court criminal case, it would necessarily imply or demonstrate that Plaintiff's conviction is invalid. Therefore, to proceed on his civil rights claims in this case, Plaintiff must establish that his conviction has already been overturned. Because the Complaint does not do so, Plaintiff's claims appear barred by *Heck*.

**4.    Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880

F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that each Defendant was a state actor, that Plaintiff's claims against the Ada County Public Defender's Office satisfy the *Monell* requirements, and that Plaintiff's claims are not barred by *Heck v. Humphrey*.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An]

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.    The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

amended complaint) a Motion to Review the Amended Complaint.
Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff
no longer intends to pursue this case.[1]

2.    If Plaintiff does not file a timely amended complaint, this case may be
dismissed with prejudice and without further notice for failure to state a
claim upon which relief may be granted, failure to prosecute, or failure to
comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ.
P. 41(b).

3.    Because an amended complaint is required for Plaintiff to proceed,
Plaintiff's request for appointment of counsel (contained in the Complaint)
is DENIED without prejudice. Plaintiff may renew the request for counsel
in an amended complaint.

DATED: August 25, 2025

B. Lynn Winmill
U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).