UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC DANIELS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VIGNESH RATHNAM; ANTHONY GEDDES, and ADA COUNTY PUBLIC DEFENDER'S OFFICE,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00199-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Eric Daniels is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

Plaintiff has now filed a Motion to Review Amended Complaint, which also appears to be the Amended Complaint itself. Dkt. 8. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.      Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**2.     Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

To state a § 1983 claim against a governmental entity such as the Ada County Public Defender's Office, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).

Plaintiff claims that his public defense attorneys, Defendants Rathnam and Geddes, did not adequately represent him with respect to Plaintiff's state court criminal charges. In the Initial Review Order, the Court explained that the individual Defendants did not act under color of state law and that the Complaint failed to state a plausible *Monell* claim against the entity Defendant. The Court also concluded that Plaintiff's claims appeared barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Like the initial complaint, Plaintiff's Amended Complaint does not set forth allegations supporting a plausible inference that Plaintiff's criminal defense attorneys acted under color of state law for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 322 n.13 (1981) (stating that a public defender "is not acting on behalf of the State; he is the State's adversary."). Plaintiff also has not presented any allegations suggesting that Plaintiff's defense attorneys made any decisions with respect to Plaintiff's representation pursuant to a policy, custom, or practice of Ada County. The Amended Complaint thus does not state a plausible *Monell* claim. And, finally, Plaintiff still fails to plausibly allege that his claims are not barred by *Heck*.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Alternatively, the Amended Complaint must be dismissed as *Heck*-barred.

3. **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4

leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 8) is GRANTED IN PART, to the extent the Court has considered this document to include Plaintiff's Amended Complaint.

2. The Amended Complaint fails to state a claim upon which relief may be granted and, alternatively, fails to show that Plaintiff's claims can be heard under *Heck*. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: November 3, 2025



B. Lynn Winmill
U.S. District Court Judge